IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Guadalupe Adams,
   Plaintiff,

    vs.        Case No. 16-1057-JTM

Historic Abilene, Inc.,
   Defendant.

MEMORANDUM AND ORDER

  The present action is one of a number of lawsuits filed under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq.*, by Guadalupe Adams in the District of Kansas. The present action identifies various features of Old Abilene Town in Abilene, Kansas, as falling below ADA standards. The matter is before the court on Adams' motion for summary judgment.

  Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The essence of defendant's response is that it is not the exclusive operator of the property, and that only a fraction of the property (the Hitching Post Restaurant and Consignment Shop) is actually intended as a public accommodation. The response argues that many of the supposed violations relate to historic displays at the property which are intended for viewing rather than actual use. However, the response fails to comply with summary judgment standards by citing any admissible evidence in support of its denials.

At the same time, on the issue of ownership of the property there is little evidentiary support for Adams' motion, which largely relies on defendant's failure to respond to a June 27, 2016 request for admission. (Dkt. 17, at 3-4). The defendant argues it did not respond to the request because it was awaiting Adams' Rule 34 statement. According to defendant, Adams produced the statement on November 21, 2016, the day before filing her motion for judgment, and notes that Adams made no attempt to compel production before filing her motion for summary judgment.

2

The plaintiff has filed no reply in support of her motion for summary judgment. Given the absence of evidence as to the ownership of the property at issue, as well as its status as a public accommodation, the court hereby denies the plaintiff's motion for summary judgment (Dkt. 17).

IT IS SO ORDERED this 26th day of May, 2017.

                                                  s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE